UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEFENDING RIGHTS & DISSENT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 22-1194 (APM) |
| ) | |
| NATIONAL GEOSPATIAL-INTELLIGENCE ) | |
| AGENCY, et al., ) | |
| ) | |
| Defendants. ) | |

**ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants, the National Geospatial-Intelligence Agency ("NGA"), United States Department of Defense ("DOD"), Federal Bureau of Investigation ("FBI"), United States Department of Justice ("DOJ"), and the National Security Agency, by and through its undersigned counsel, hereby answers Plaintiff Defending Rights & Dissent's Complaint (the "Complaint"; ECF No. 1). Defendants deny all allegations in the Complaint, including the relief sought, except as specifically admitted in this Answer.

1. The first sentence of this paragraph contains Plaintiff's characterization of the basis for filing the Complaint to which no response is required. To the extent a response is deemed required, Defendants admit that Plaintiff purports to assert claims under the Freedom of Information Act. The second sentence of this paragraph is a legal conclusion to which no response is required.

## PARTIES[1]

2. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

3. Defendant NGA admits that it is a federal agency and component of the DOD and subject to the Freedom of Information Act.

4. Defendant DOD admits that it is a federal agency and subject to the Freedom of Information Act.

5. Defendant FBI admits that it is a component of DOJ and subject to the Freedom of Information Act but denies that it is a proper party defendant pursuant to 5 U.S.C. §552(f). The proper party defendant is DOJ.

6. Defendant DOJ admits that it is a federal agency and subject to the Freedom of Information Act.

7. Defendant NSA admits that it is a federal agency and subject to the Freedom of Information Act.

## JURISDICTION AND VENUE

8. This paragraph consists of a legal conclusion, not allegations of fact, to which no response is required. To the extent a response is deemed required, Defendant admits that the Court has subject matter jurisdiction over this action subject to the terms and limitations of FOIA.

---

[1] Defendants repeat the headings from Plaintiff's Complaint for ease of reference. Although Defendants believe that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

9.      This paragraph consists of a legal conclusion, not allegations of fact, to which no response is required. To the extent a response is deemed required, Defendant admits that venue is appropriate in this judicial district.

## BACKGROUND

10.     Defendants admit that Daniel Hale was sentenced to 45 months in prison on July 27, 2021. Defendants respectfully refer the Court to the cited press release for information related to his crime and sentencing.

11.     Defendants aver that the information in this paragraph is immaterial to the FOIA claim. To the extent a response is deemed required, the Court should strike such allegations as immaterial and impertinent matters pursuant to Federal Rule of Civil Procedure ("Rule") 12(f) as such allegations do not set forth claims of relief or aver facts in support of the FOIA claims in this suit.

12.     Defendants admit the references cited in this allegation, but respectfully refer the Court to the cited indictment for full and accurate information regarding its content.

13.     Defendants lack knowledge or information sufficient to admit or deny the allegation in this paragraph based on the information currently available in responding to the FOIA claims in this case.

## AUGUST 27, 2021 FOIA REQUEST TO NGA

14.     Defendant NGA admits receiving a FOIA request from Plaintiff dated August 27, 2021. Defendant NGA respectfully refers the Court to the cited request for a full and accurate statement of its content.

15.     Defendant NGA admits acknowledging receipt and assigning FOIA tracking number NGA-2021-FOI-00070 to Plaintiff's request.

16. Defendant NGA admits receiving on January 13, 2021 Plaintiff's request for an estimated date of completion.

17. Defendant NGA admits responding to the request for an estimated date of completion on January 27, 2021 via email. Defendant NGA respectfully refers the Court to the cited email for a full and accurate statement of its content.

18. Defendant NGA admits that it has not yet issued a determination as of the date of Plaintiff's filing and that it has not yet produced any records responsive to the request.

## AUGUST 27, 2021 FOIA REQUEST TO FBI

19. Defendant FBI admits receiving a FOIA request from Plaintiff dated August 27, 2021. Defendant FBI respectfully refers the Court to the cited request for a full and accurate statement of its content.

20. Defendant FBI admits assigning FOIA tracking number NFP-130894 to Plaintiff's request.

21. Defendant FBI admits responding to the request by letter dated September 8, 2021. Defendant FBI respectfully refers the Court to the cited letter for a full and accurate statement of its content.

22. Defendant FBI admits that Plaintiff appealed the FBI's response to the DOJ's Office of Information Policy ("OIP").

23. Defendant FBI admits that OIP acknowledged receipt of the appeal by letter dated November 29, 2021. Defendant FBI respectfully refers the Court to the cited letter for a full and accurate statement of its content.

24. This paragraph consists of a conclusion of law to which no response is required.

25. Defendant FBI admits that an appeal determination had not issued by the date of the Complaint but avers that a response to the administrative appeal was issued on June 2, 2022.

26. The allegations in this paragraph consist of a conclusion of law to which no response is required. To the extent a response is required, Defendant FBI admits that it has not produced any records responsive to Plaintiff's request.

**AUGUST 27, 2021 FOIA REQUEST TO DOJ**

27. Defendant DOJ – National Security Division ("NSD") admits receiving a FOIA request from Plaintiff dated August 27, 2021. Defendant DOJ – NSD respectfully refers the Court to the cited letter for a full and accurate statement of its content.

28. Defendant DOJ – NSD admits acknowledging Plaintiff's request by letter dated October 18, 2021. Defendant DOJ – NSD respectfully refers the Court to the cited letter for a full and accurate statement of its content.

29. Defendant DOJ – NSD admits receiving correspondence from Plaintiff on January 13, 2022. Defendant DOJ – NSD respectfully refers the Court to the cited document for a full and accurate statement of its content.

30. Defendant DOJ – NSD admits advising Plaintiff that it was continuing to search for responsive records. Defendant DOJ – NSD respectfully refers the Court to the cited document for a full and accurate statement of its content.

31. Defendant DOJ – NSD admits receiving correspondence from Plaintiff on February 22, 2022. Defendant DOJ – NSD respectfully refers the Court to the cited document for a full and accurate statement of its content. DOJ-NSD admits that it has not yet responded to said correspondence.

32. As to the first sentence in this paragraph, Defendant DOJ – NSD admits that it has not issued a determination and that it has not provided documents in response to Plaintiff's FOIA request as of the filing of this answer. The second allegation in this paragraph consists of a conclusion of law to which no response is required. To the extent a response is required, Defendant DOJ - NSD denies the allegations in this paragraph.

## AUGUST 27, 2021 FOIA REQUEST TO NSA

33. Defendant NSA admits the allegations in paragraph 33 and respectfully refers the Court to Plaintiff's referenced exhibit for a full and accurate statement of its contents.

34. Defendant NSA admits the allegations in paragraph 34 and respectfully refers the Court to Plaintiff's referenced exhibit for a full and accurate statement of its contents.

35. Defendant NSA admits the allegations in paragraph 35 and respectfully refers the Court to Plaintiff's referenced exhibit for a full and accurate statement of its contents.

36. Defendant NSA admits the allegations in paragraph 36 and respectfully refers the Court to Plaintiff's referenced exhibit for a full and accurate statement of its contents.

37. Defendant NSA admits the allegations in paragraph 34 and respectfully refers the Court to Plaintiff's referenced exhibit for a full and accurate statement of its contents.

38. The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

39. The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

## COUNT I – NGA'S FOIA VIOLATION:
## FAILURE TO ISSUE A DETERMINATION

40. The above responses are incorporated herein.

41. This paragraph consists of a conclusion of law to which no response is required. To the extent a response is required, Defendant NGA admits that Plaintiff sought the disclosure of agency records but otherwise denies the allegations.

42. Defendant NGA admits that it is a federal agency subject to FOIA.

43. This paragraph consists of a conclusion of law to which no response is required. To the extent a response is required, Defendant NGA denies the allegations in this paragraph.

44. This paragraph consists of a conclusion of law to which no response is required. To the extent a response is required, Defendant NGA admits that it has failed to issue a determination within the statutory deadline.

## COUNT II – NGA'S FOIA VIOLATION:
## FAILURE TO CONDUCT A REASONABLE SEARCH

45. The above responses are incorporated herein.

46. This paragraph consists of a conclusion of law to which no response is required. To the extent a response is required, Defendant NGA admits that Plaintiff sought the disclosure of agency records but otherwise denies the allegations.

47. Defendant NGA admits that it is a federal agency subject to FOIA.

48. This paragraph consists of a conclusion of law to which no response is required. To the extent a response is required, Defendant NGA denies the allegations in this paragraph.

49. This paragraph consists of a conclusion of law to which no response is required. To the extent a response is required, Defendant NGA denies the allegations in this paragraph.

## COUNT III – NGA'S FOIA VIOLATION:
## FAILURE TO PRODUCE RECORDS

50. The above responses are incorporated herein.

51. This paragraph consists of a conclusion of law to which no response is required. To the extent a response is required, Defendant NGA admits that Plaintiff sought the disclosure of agency records but otherwise denies the allegations.

52. Defendant NGA admits that it is a federal agency subject to FOIA.

53. This paragraph consists of a conclusion of law to which no response is required. To the extent a response is required, Defendant NGA denies the allegations in this paragraph.

54. Defendant NGA admits that as of the filing of the answer, it has not produced any responsive records or made a final determination.

## COUNT IV – FBI'S FOIA VIOLATION:
## FAILURE TO CONDUCT A REASONABLE SEARCH

55. The above responses are incorporated herein.

56. This paragraph consists of a conclusion of law to which no response is required. To the extent a response is required, Defendant FBI admits that Plaintiff sought the disclosure of agency records but otherwise denies the allegations.

57. Defendant FBI admits that it is a component of a federal agency subject to FOIA, but denies that it is a proper party defendant in this case.

58. This paragraph consists of a conclusion of law to which no response is required. To the extent a response is required, Defendant FBI denies the allegations in this paragraph.

59. This paragraph consists of a conclusion of law to which no response is required. To the extent a response is required, Defendant FBI denies the allegations in this paragraph.

## COUNT V – FBI'S FOIA VIOLATION:
## FAILURE TO PRODUCE RECORDS

60. The above responses are incorporated herein.

61. This paragraph consists of a conclusion of law to which no response is required. To the extent a response is required, Defendant FBI admits that Plaintiff sought the disclosure of agency records subject to the FOIA but otherwise denies the allegations.

62. Defendant FBI admits that it is a component of a federal agency subject to FOIA but denies that it is a proper party defendant.

63. This paragraph consists of a conclusion of law to which no response is required. To the extent a response is required, Defendant FBI denies the allegations in this paragraph.

64. Defendant FBI admits that it has not produced records.

## COUNT VI – DOJ'S FOIA VIOLATION:
## FAILURE TO ISSUE A DETERMINATION

65. The above responses are incorporated herein.

66. This paragraph consists of a conclusion of law to which no response is required. To the extent a response is required, Defendant DOJ - NSD admits that Plaintiff sought the disclosure of agency records subject to the FOIA but otherwise denies the allegations.

67. Defendant DOJ – NSD admits that it is a component of a federal agency subject to FOIA.

68. This paragraph consists of a conclusion of law to which no response is required. To the extent a response is required, Defendant DOJ – NSD denies the allegations in this paragraph.

69. This paragraph consists of a conclusion of law to which no response is required. To the extent a response is required, Defendant DOJ - NSD denies the allegations in this paragraph.

### COUNT VII – DOJ'S FOIA VIOLATION: FAILURE TO CONDUCT A REASONABLE SEARCH

70. The above responses are incorporated herein.

71. This paragraph consists of a conclusion of law to which no response is required. To the extent a response is required, Defendant DOJ - NSD admits that Plaintiff sought the disclosure of agency records subject to the FOIA but otherwise denies the allegations.

72. Defendant DOJ – NSD admits that it is a component of a federal agency subject to FOIA.

73. This paragraph consists of a conclusion of law to which no response is required. To the extent a response is required, Defendant DOJ – NSD denies the allegations in this paragraph.

74. This paragraph consists of a conclusion of law to which no response is required. To the extent a response is required, Defendant DOJ – NSD denies the allegations in this paragraph.

### COUNT VIII – DOJ'S FOIA VIOLATION: FAILURE TO PRODUCE RECORDS

75. The above responses are incorporated herein.

76. This paragraph consists of a conclusion of law to which no response is required. To the extent a response is required, Defendant DOJ - NSD admits that Plaintiff sought the disclosure of agency records but otherwise denies the allegations.

77. Defendant DOJ – NSD admits that it is a component of a federal agency subject to FOIA.

78. This paragraph consists of a conclusion of law to which no response is required. To the extent a response is required, Defendant DOJ – NSD denies the allegations in this paragraph.

79. Defendant DOJ -NSD admits that it has not produced records responsive to Plaintiff's request or made a final determination as of the filing of this answer.

## COUNT IX – NSA'S FOIA VIOLATION
## FAILURE TO PRODUCE RECORDS

80. The above responses are incorporated herein.

81. This paragraph consists of a conclusion of law to which no response is required. To the extent a response is required, Defendant NSA admits that Plaintiff sought the disclosure of agency records but otherwise denies the allegations.

82. Defendant NSA admits the allegations in paragraph 82.

83. The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant NSA denies the allegations.

84. The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant NSA denies the allegations.

## REQUESTED RELIEF

The remaining paragraphs contain Plaintiff's request for relief, to which no response is required. To the extent a response is deemed necessary, Defendants deny that Plaintiff is entitled to the relief requested or to any other relief.

**DEFENSES**

1. One or more of Plaintiff's FOIA requests do not reasonably describe the records sought and Plaintiff otherwise failed to exhaust its administrative remedies in part.

2. Any relief is limited to that provided for under 5 U.S.C. § 522(a)(4)(B).

3. Defendants exercised due diligence in processing the FOIA requests and exceptional circumstances exist for certain Defendants that necessitate additional time for them to complete processing of the FOIA requests. *See* 5 U.S.C. § 552(a)(6)(C).

4. Plaintiff is not entitled to attorneys' fees and costs.

5. Some or all of the information sought by Plaintiff is exempt from release under one or more FOIA exemptions and foreseeable harm would result from disclosure.

Defendants respectfully request and reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to it through the course of litigation.

Dated: July 13, 2022
    Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar. #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:     */s/ Sean Tepe*
SEAN M. TEPE, DC Bar #1001323
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
Phone: (202) 252-2533
sean.tepe@usdoj.gov

*Attorneys for the United States of America*